IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KARL CHROMY,

        Plaintiff,

     v.

KAISER PERMANENTE, INC.;
KAISER FOUNDATION HEALTH PLAN
OF THE NORTHWEST,

        Defendant.

No. 3:15-cv-01762-HZ

OPINION & ORDER

Karl Chromy
7940 SE 72nd Ave. #6
Portland, OR 97206

    Pro Se Plaintiff


HERNÁNDEZ, District Judge:

    On September 17, 2015, Karl Chromy filed an application to proceed *in forma pauperis* ("IFP") [1], a complaint [2], and a motion for appointment of pro bono counsel [3]. For the

1 - OPINION & ORDER

reasons stated, Mr. Chromy's application to proceed IFP is granted, his motion for appointment of counsel is denied, and his complaint is dismissed. Mr. Chromy may file an amended complaint that addresses the deficiencies in his initial complaint that the Court identifies below, should he desire to do so.

## STANDARDS

In connection with IFP actions such as this, district courts are obligated to dismiss *sua sponte* actions that are frivolous or malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Courts have a duty to liberally construe a *pro se* plaintiff's pleadings, but a court cannot supply essential elements of the claim that were not initially pled. See Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

A complaint must contain a short and plain statement of the claim and factual matters that, if accepted as true, are sufficient to state a facially plausible claim. FED. R. CIV. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citation omitted). A complaint states a plausible claim where the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When a court dismisses a complaint for failure to state a claim, the court should grant leave to amend "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quotation marks and citation omitted).

A district court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). There is not, however, a constitutional right to counsel in a civil case, and 28 U.S.C § 1915 does not "authorize the appointment of counsel to involuntary service." United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). The decision to appoint

counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Id. Neither factor is dispositive; they must be viewed together before ruling on a request for counsel. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

DISCUSSION

Mr. Chromy's complaint alleges that Defendants Kaiser Foundation Health Plan of the Northwest and Kaiser Permanente have committed "Medicare Fraud" and a "bait and switch under the UCC." Compl. at 3. He provides the Court two distinct narratives. First, he describes a visit to the emergency room at an unidentified Kaiser Permanente ("KP") facility on June 26, 2015. After being discharged from the emergency room, Mr. Chromy alleges that he was seated in the reception area waiting for his discharge paperwork when, for unexplained reasons, he was approached by a security guard. The precise sequence of events is unclear, but suffice it to say, Mr. Chromy and the security guard exchanged some charged words, and a KP employee in the vicinity called the police. After a brief encounter with several Clackamas County Sheriff Deputies, Mr. Chromy was allowed to leave. Mr. Chromy alleges that he called KP membership services to file a complaint about the incident. A few days passed, and Mr. Chromy followed up on his complaint with the "head of security at KP (Phil)," but Phil did not seem to be familiar with Mr. Chromy's complaint. Mr. Chromy continued to press the matter and eventually discovered that the complaint he logged with membership services did not include many details

3 - OPINION & ORDER

Mr. Chromy believed made up of the core of his grievance. Mr. Chromy alleges that KP membership services has handled his previous complaints "in a simil[a]r fashion."

Second, Mr. Chromy describes in great detail his dissatisfaction with the treatment he has received from a number of KP medical providers. He alleges that these KP providers have engaged in wide-ranging Medicare fraud and requests the Court "refer this to Medicare for a FRAUD investigation[.]"

The federal health care fraud statute imposes criminal penalties on persons who knowingly or willfully execute a scheme to defraud any health care benefit program. See 18 U.S.C. § 1347. The statute does not, however, give Mr. Chromy the authority to bring a private lawsuit against KP for Medicare fraud because "only the federal government may bring lawsuits for the recovery of loss caused by alleged Medicare fraud." Jason v. Grp. Health Co-op., No. CV11-5697 RBL, 2012 WL 113500, at *2 (W.D. Wash. Jan. 13, 2012) aff'd sub nom. Jason v. Grp. Health Co-op. Inc., 530 F. App'x 630 (9th Cir. 2013) (quoting Rzayeva v. United States, 492 F.Supp.2d 60, 78 (D. Conn. 2007)). Additionally, the Court does not have the authority to initiate a criminal investigation. See Clinton v. Jones, 520 U.S. 681, 718 (1997) (explaining that criminal charges must be brought by Executive Branch officials such as a District Attorney or the Attorney General).

To the extent Mr. Chromy seeks to bring a claim against any of the various KP medical providers for negligent medical care, that is a state law tort claim for medical malpractice which typically must be brought in state court. See Campbell v. Stein, 314 F. App'x 976, 977 (9th Cir. 2009) (holding that a district court lacked subject matter jurisdiction over a medical practice claim that did not allege that the doctor acted under color of state law).

Mr. Chromy's claim alleging a "bait and switch under [the] UCC" fares no better. The Uniform Commercial Code ("UCC") is a joint project of the National Conference of Commissioners on Uniform State Laws and the American Law Institute. The UCC only applies to the extent its provisions are incorporated into state law. Gordon v. Duncan, No. CV-09-1319-ST, 2010 WL 1462555, at *7 (D. Or. Feb. 11, 2010) report and recommendation adopted in part, No. CIV. 09-1319-ST, 2010 WL 1424331 (D. Or. Apr. 7, 2010).

Missing from Mr. Chromy's complaint is an allegation of a transaction that falls within the scope of the UCC or Oregon's transaction-specific provisions. The UCC under Oregon law include provisions governing sales of goods (ORS 72.1020), leases (ORS 72A.1020), negotiable instruments (ORS 73.0102), bank deposits and collections (ORS 74.1020), and other specific commercial transactions. However, the applicability of those provisions is limited in scope to the particular types of transactions described. Gordon, 2010 WL 1462555, at *7 Mr. Chromy does not specify a particular transaction that he believes violated the UCC, and the Court is skeptical that any transaction involving private health insurance is within the scope of Oregon's statutory provisions incorporating the UCC.

Accordingly, Mr. Chromy's complaint is dismissed, without prejudice, for failing to state a valid claim. FED. R. CIV. P. 8(a); Iqbal, 556 U.S. at 677–78. If Mr. Chromy has additional factual allegations that address the problems the Court has identified with his initial complaint, he may file an amended complaint within 30 days of the date listed below.

Finally, Mr. Chromy's motion for appointment of counsel is denied. In some special cases, a court can appoint pro bono counsel in a civil case. To do so, the court must consider the likelihood of success on the merits and the complexity of the legal issues involved in the case. Palmer, 560 F.3d at 965. As currently stated, Chromy's complaint does not contain information

sufficient for the Court to construe a valid claim, much less to assess the complexity of the legal issues involved or the likelihood of success on the merits. Should Mr. Chromy choose to file an amended complaint, he may file another motion for appointment of counsel at that time.

## CONCLUSION

For the reasons stated, Mr. Chromy's application to proceed in forma pauperis [1] is granted and his IFP status is confirmed. His complaint [2] is dismissed sua sponte without prejudice for failing to state a valid claim, and his motion for appointment of counsel [3] is denied. Mr. Chromy may file an amended complaint, consistent with this Opinion & Order, within 30 days of the date below. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated this 30 day of October, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6 - OPINION & ORDER